**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ANDERS F. AWODE,** | : |
| | : |
| **Plaintiff** | CIVIL ACTION NO. 3:17-2037 |
| | : |
| v | |
| | : (JUDGE MANNION) |
| **SHAWN TROSTLE. , et al.,** | |
| | : |
| **Defendants** | |

## MEMORANDUM

I. **Background**

Plaintiff, Anders F. Awode, an inmate confined in the Pike County Prison, Lords Valley, Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1, complaint). On April 10, 2018, Defendants filed a motion to dismiss and supporting brief. (Docs. 15, 16). By Order dated September 7, 2018, Plaintiff was directed to file a brief in opposition to Defendants' pending motion to dismiss. (Doc. 17). On September 17, 2018, this Court's September 7, 2018 Order was returned, stating "no longer here" and "unable to forward." (Doc. 18). The office of the Clerk of Court noted in the docket that contact with the Pike County Prison revealed that Plaintiff was released on September 15, 2018. Id. There is no forwarding address of record.

## II. Discussion

District courts have the inherent power to dismiss an action for failure to prosecute *sua sponte*. Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). The United States Court of Appeals for the Third Circuit has identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). No single factor is dispositive, and "[e]ach factor need not be satisfied for the trial court to dismiss a claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). However, the factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal ... is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870.

Plaintiff is personally responsible for failing to notify this Court of his most recent address. See Poulis, 747 F.2d at 868 (identifying "extent of the party's personal responsibility" as a factor). Plaintiff's conduct has prejudiced Defendants by requiring them to assume the cost of continued legal

preparation and not have a current address to serve their pleadings. See id. (identifying "[p]rejudice to the adversary" as a factor). Plaintiff's action was filed on November 7, 2017. He has not had any contact with the Court since the filing of his action. He was released on September 17, 2018 and has yet to notify the Court of a current address. Such inaction constitutes a history of dilatoriness, see id. (identifying "history of dilatoriness" as a factor), and constitutes willful disregard of the Court's authority. See id. at 868-69 (identifying "willful" or "bad faith" conduct as a factor). Alternative sanctions would be ineffective to deter Plaintiff's conduct because the Court is unable to move forward with the above-captioned action without a current address for Defendants to serve any responsive pleading. See id. at 869 (identifying availability of "[a]lternative sanctions" to dismissal as a factor). As such, the Court finds that the dilatoriness of plaintiff outweighs any of the other considerations set forth in Poulis. The Court will, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, dismiss Plaintiff's complaint for failure to prosecute. An appropriate Order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Dated: December 13, 2018
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-2037-01.wpd